## Freund, Appellant, *v.* Cox et al.

Argued January 16, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Charles E. Asnis,* for appellant.

*Earl G. Harrison,* with him *J. Louis Breitinger,* for members of city council, appellees.

*William T. Connor,* for employees of city council, appellees.

OPINION BY MR. JUSTICE DREW, March 23, 1936:

Plaintiff, a taxpayer, seeks in this class bill to enjoin members of the city council of Philadelphia and the clerk and sergeant-at-arms of the council from serving on various political committees. An answer was filed by two of the defendants and preliminary objections in behalf of the others. The appeal is from the dismissal of the bill.

The complaint is founded upon section 23, of article XIX, of the Charter Act of Philadelphia, approved June 25, 1919 (P. L. 581). In that section it is provided that "no officer, clerk, or employee of any city of the first class, or of any department, trust, or commission thereof, shall be a member of . . . any political convention . . . [or] serve as a member of . . . any committee of any political party," or engage in other specified political activities. Plaintiff contends that defendants are officers and employees within the meaning of this section, and that members of city council are within the unclassified civil service, by virtue of section 3(a) of the same article, which provides that "the unclassified service shall comprise: (a) All officers elected by the people." It is a necessary premise in plaintiff's case that article XIX applies to members and employees of city council, and that councilmen are "officers elected by the people" under section 3(a) of that article. An examination of the act, however, makes it quite evident that

it was not the legislative intent to include these defendants in the provisions of article XIX, and that councilmen are not within the meaning of the term "officers" as used in the act.

Article XIX is entitled "The Civil Service." Article XVI deals with "City Council." In section 3, of article IV, which is headed "Officers and Employees in General," it is provided that "no person shall hold more than one office or position of profit under the city government, and no person shall hold any office or position of profit under the city, or any department thereof, while holding any other office or position of profit" in or under the federal or state government or any political subdivision thereof, with certain exceptions. A practically equivalent provision as to councilmen is found in section 3 of article XVI. This repetition would obviously be unnecessary if members of council were included in the term "officers" in article IV. Under section 2(b) of article IV, whenever "any elective officer" of a first-class city dies or becomes incapacitated, his place shall, in the absence of other provision therefor, be filled by a vote of the council, until the next municipal election more than 30 days thereafter. On the other hand, vacancies within the council itself are, by section 2, of article XVI, to be filled at the next general, municipal or special election, occurring not less than 30 days after the happening of the vacancy. Plainly, a councilman is not an "elective officer" within the meaning of section 2(b) of article IV.

Section 1, of article XIX, provides that all appointments, transfers, reinstatements, and the like, in the civil service of the city "shall be made in accordance with the terms and provisions of this article and the rules prescribed thereunder." Plaintiff would have us believe that these defendants are included in the civil service and therefore subject to this provision. But under section 5, of article XVI, the city council has power "to provide for its own organization, and to provide for the employment and fix the salaries of such persons as

may be necessary to the proper discharge of its business." Section 25, of article XIX, stipulates: "Any officer, clerk, or employee of such city, or of any department, trust, or commission thereof, violating any of the provisions of this article, shall be immediately dismissed by the mayor or by the head of the department, trust, or commission in which he is employed." If defendants are "officers and employees" within the meaning of section 23 of this article, as plaintiff contends, they must also be subject to section 25. But it manifestly never could have been the legislative intent to subject councilmen to dismissal by the mayor or by the head of any department, trust or commission. Merely to state these anomalous consequences of plaintiff's argument is sufficient to show its unsoundness. It is clear beyond doubt that the legislature did not intend to require city council, described in section 1, of article XVI, as "the legislative branch of the government" of the city, to submit to the civil service regulations or to the supervision of the civil service commission. In view of section 5, of article XVI, the employees of the council must be regarded as being responsible to that body alone. It follows that these defendants are not within the terms of section 23, of article XIX, upon which plaintiff's bill is based. Even if they would otherwise be included within that section, they are clearly removed from its operation by section 28, of article XIX, which provides: "Nothing in this article shall be construed to apply to the officers and employees of any office, department, bureau, commission, board, or trust, not now administered under the existing civil service laws." Plaintiff has thus pointed to no legal ground for judicial interference in the situation complained of, and her prayers for relief must therefore fail.

Decree affirmed at appellant's cost.